UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

01 - Rikki Lee Gilow,
02 - Jerry Anthony Harvey,
03 - Eric Michelle Hunter,

Defendants.

Criminal No. 12-185 (ADM/FLN)

**REPORT & RECOMMENDATION**

---

Andrew Dunne, Assistant United States Attorney, for Plaintiff.
James B. Sheehy for Defendant Gilow.
Daniel A. Benson for Defendant Harvey.
Shannon Elkins, Assistant Federal Defender, for Defendant Hunter.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 5, 2012 on Defendants' motions to suppress evidence (ECF Nos. 37, 47, & 57). At the hearing, the Court received testimony from Hastings Police Officer Brian Schowalter. The Government presented ten exhibits, all of which were admitted by the Court.[1] The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that

---

[1] The government's exhibits include applications, warrants, and returns for various addresses and vehicles as well as applications and orders for the installation of tracking devices: exhibit 1 is for 695 American Blvd, Bloomington, MN; exhibit 2 is for a 2005 Cadillac Escalade MN License #898 CDR; exhibit 3 is for a 1995 Geo Prism MN License # 778HUD; exhibit 4 is for 727 E. 14th St, Apt. 1B, Minneapolis, MN; exhibit 5 is for a tracking device on a 1995 Geo MN License # 338THE; exhibit 6 is for a tracking device on 1995 Geo MN License # 778HUD (dated 1/30/12); exhibit 7 is for a tracking device on a 1995 Geo MN License # 778HUD (dated 3/29/12); exhibit 8 is for a tracking device 2005 Cadillac Escalade MN License # 898; exhibit 9 is for a tracking device on 612-695-7436; exhibit 10 is for a tracking device on 763-355-0102.

Defendants' motions be denied.

## I. FINDINGS OF FACT

On July 24, 2012, Hastings Police Officer Brian Schowalter–as part of a Dakota County Task Force–executed a search warrant on Defendant Harvey's residence. Prior to entering the residence, Schowalter met with the SWAT team of the Minneapolis Police Department to discuss the entry. The SWAT team entered, secured the residence, and then informed Schowalter that Harvey was in the bedroom. Schowalter went to the bedroom and found Harvey in handcuffs with his hands behind his back. Schowalter identified himself as a police officer and provided Harvey with a copy of the search warrant. Without Schowalter having asked him any questions, Harvey volunteered that there was a gun in a black bag in a closet or shelf in a different room. Harvey said that the gun belonged to someone else.

Schowalter searched the other room, found the gun, and then attempted to interview Harvey. He read Harvey his *Miranda* rights, and Harvey refused to make a statement.

## II. CONCLUSIONS OF LAW

Defendant Harvey moves to suppress any statement made by him during the execution of the search warrant as having been obtained in violation of the Fifth Amendment to the United States Constitution. "Volunteered statements of any kind are not barred by the Fifth Amendment . . . ." *United States v. Butzin*, 886 F.2d 1016, 1018 (8th Cir. 1989) (quoting *Miranda v. Arizona*, 384 U.S. 436, 478 (1966)). There is no evidence in the record that Harvey's statements about the location of the gun in the house were anything but a

2

spontaneous utterance by Harvey. Consequently, Harvey's motion to suppress those statements should be denied.

Defendants contend that the evidence seized pursuant to government's exhibits 1 through 10 must be suppressed because the supporting affidavits lack a sufficient showing of probable cause. Assuming without deciding that supporting affidavits indeed lack probable cause, the Court concludes that the evidence seized is nonetheless admissible under the good-faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). To the extent Defendants' motions seek to suppress evidence seized pursuant to the government's exhibits 1 through 10, the motions should be denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Defendants' motions to suppress evidence (ECF Nos. 37, 47, & 57) be **DENIED**.

DATED: September 24, 2012             *s/ Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 5, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by

**October 5, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.