UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　　　Criminal No. 12-185(3) (ADM/FLN)

　　　　　　Plaintiff,

　　　v.　　　　　　　　　　　　　　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**
**Eric Michelle Hunter,**

　　　　　　Defendant.
_____

Thomas M. Hollenhorst, Assistant United States Attorney, for Plaintiff.
Eric Michelle Hunter, pro se; Thomas Plunkett, standby counsel.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 20, 2012 on Defendants' second set of pretrial motions. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The government called three witnesses: Sherbourne County jail investigator Nikol Blood, ATF Special Agent Robert Almgren, and Lakeville Police Officer Jeff Hanson. The government submitted three exhibits into evidence,[1] and the defendant submitted two.[2] Both parties submitted post-hearing briefing. For the reasons that follow, the Court recommends Defendant's motions be **DENIED**.

---

[1] Government's exhibit 11 is an envelope postmarked Nov. 30, 2012 from Eric M. Hunter with "RETURN TO SENDER" covering the intended recipient's name; government's exhibit 12 is a handwritten letter dated 10-18-12 to "My baby" from "Your Hubby Daddy"; government's exhibit 13 is a Sept. 6, 2012 letter from Mr. Hollenhorst to Ms. Elkins (proffer letter).

[2] Defendant's exhibit 1 is an envelope postmarked Nov. 30, 2012 from Eric M. Hunter with "RETURN TO SENDER" covering the intended recipient's name and address; Defendant's exhibit 2 is the same envelope but with the "RETURN TO SENDER" sticker moved to the left.

## I. FINDINGS OF FACT

### A. The interception of Defendant's letter to standby counsel

On November 30, 2012, Defendant sent a letter to his standby counsel, Thomas Plunkett. The letter was placed in an envelope addressed to "Thomas Plunkett, ATTORNEY AT LAW, 101 E. 5th St., Ste. 2800, St. Paul, MN 55101." Nikol Blood, an investigator for the Sherburne County jail, opened the envelope, scanned the letter, and sent it via e-mail to ATF Special Agent Robert Almgren. Upon opening the e-mail attachment, Almgren immediately recognized that it contained potentially privileged information because he saw "ATTORNEY AT LAW" on the envelope, which was on the first scanned page of the PDF. He also saw that the PDF contained a letter to Defendant's standby counsel, but he did not read it. Almgren then contacted the prosecutor, Thomas Hollenhorst, to inform him that he had received a letter with potentially privileged information. Hollenhorst instructed both Almgren and Blood to delete the letter from their computers.

Blood placed the letter in the envelope, taped it shut, and mailed it to Plunkett. About two weeks later, on December 12, the letter arrived at the Sherburne County jail with a "RETURN TO SENDER" sticker over Plunkett's name and address. Blood approached Hunter and asked him what she should do with the returned letter. Hunter instructed Blood to mail the letter to Plunkett. She then placed the returned letter and the original envelope into a separate envelope and sent it to Plunkett that same day, December 12. Plunkett received the letter five days later.

### B. The proffer session

On September 6, 2012, Jeff Hanson, an officer with the Lakeville Police Department, met with Defendant and his attorney during a proffer session in a conference room at the U.S. Attorney's office. The purpose of the meeting was to gather information from Defendant to aid the government

in their criminal investigation. During the meeting, Defendant's attorney, Shannon Elkins, reviewed the proffer letter with him. The session lasted for about an hour.

According to Hanson, Defendant appeared knowledgeable and articulate throughout the meeting. He had no problem understanding any of the questions asked by the investigating officers. He also did not appear to be under the influence of any medications or suffering from any health-related issues whatsoever.

## II. CONCLUSIONS OF LAW

### A. Defendant's motion to dismiss the indictment should be denied.

Defendant moves to dismiss the indictment for lack of specificity, vagueness, and failure to allege essential elements. He contends that the indictment is "vague because [he] cannot see how he fits into the case." Def.'s Br. at 4, ECF No. 101. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). The Court has reviewed the superseding indictment and concludes it is legally sufficient on its face. Defendant's motion to dismiss the indictment for vagueness should be denied.

### B. Defendant's motion to dismiss counts 15, 16, 19, and 20 should be denied.

Defendant moves to dismiss counts 15, 16, 19, and 20 because he contends that "counts 15 and 16 took place at the same time and so did 19 and 20." Def.'s Br. at 4, ECF No. 136. He further contends, "The government must chose [sic] their counts and not use them at all." *Id.*

The Double Jeopardy Clause "protects against multiple punishments for the same offense."

*North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). If a single act (for example, possession of a firearm) is charged as a violation of two separate and distinct statutory provisions, the Court asks whether "each provision requires proof of a fact which the other does not." *United States v. Ervasti*, 201 F.3d 1029, 1039 (8th Cir. 2000) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If the answer is yes, then the act may be charged as two separate offenses. *Id.*

The government alleges, among other things, that Defendant used and carried a firearm during a drug trafficking crime (count 15) and after having previously been convicted of a felony (count 16). Although both counts require proof that Defendant possessed a firearm, each count also requires proof of a fact that the other does not. 18 U.S.C. § 924(c)(1)(A) (requiring proof that a person possessed the firearm in furtherance of "any crime of violence or drug trafficking crime") (count 15); 18 U.S.C. § 922(g)(1) (requiring proof that a person possessed a firearm after having been convicted of a felony) (count 16). Because each offense requires proof of a fact that the other does not, counts 15 and 16 are separate crimes and are properly charged in separate counts. The same reasoning applies to counts 19 and 20. Defendant's motion to dismiss counts 15, 16, 19, and 20 should be denied.

### C. Defendant's motions to suppress should be denied.

Defendant moves to suppress (1) any drug evidence tested or handled by the St. Paul Police crime lab; (2) any evidence seized from his home and vehicles pursuant to various search warrants; (3) "all counts that don't support substancial [sic] evidence"; and (4) any statements made by Defendant during the proffer session—when his blood sugar was "out of wack".

### 1. Drug evidence handled by the St. Paul Police crime lab

Defendant moves to suppress any drug evidence tested or handled by the St. Paul Police

4

crime lab. The government asserts that any evidence tested by the St. Paul Police crime lab has been retested by the Minnesota Bureau of Criminal Apprehension. Although the Court is aware of newspaper reports questioning the reliability of the work preformed by the St. Paul Police crime lab, Defendant did not present any evidence at the suppression hearing as to the reliability or admissibility of the government's evidence. In any event, the district judge will determine the admissibility of the government's evidence, and the jury will determine its reliability. To the extent Defendant seeks to suppress any evidence handled by the St. Paul Police crime lab, his motion should be denied.

### 2. Evidence seized pursuant to search warrants

Defendant moves to suppress any evidence seized in his home or vehicles pursuant to various search warrants because he contends that the supporting affidavits lack a sufficient showing of probable cause. This same argument was made in a suppression motion by Defendant's former attorney, Shannon Elkins, during the first pretrial motion hearing. After that hearing, the Court concluded that even assuming the affidavits lacked a showing of probable cause, the evidence seized was nonetheless admissible under the good-faith exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). ECF No. 76 at 3. To the extent Defendant seeks to suppress the evidence seized pursuant to the warrants issued for his home and vehicles, his motion should be denied.

### 3. "All counts that don't support substancial [sic] evidence"

Defendant moves to suppress all counts that "don't support substancial [sic] evidence." The sufficiency of the evidence against Defendant is a factual issue to be tried by the jury. His motion should be denied.

5

### 4. Defendants' statements during the proffer session

Defendant moves to suppress any statements he made during the proffer session because he contends that his blood sugar has been "out of wack for the last two years." The motion is of no consequence because the government agreed—as stated in the proffer letter—that any statement made by Defendant during the session would not be used in its case-in-chief. Gov.'s Ex. 13 at 1. The government may refer to those statements only if Defendant testifies and makes a statement inconsistent with what he said in the proffer session. In that case, Defendant may offer his low blood sugar as an explanation for the inconsistency. In any event, Defendant's low blood sugar is not a basis for finding that his statements were not voluntary. *Colorado v. Connelly*, 479 U.S. 157, 170 (1986) ("The voluntariness of a waiver of this privilege [against self-incrimination] has always depended on the absence of police overreaching, not on 'free choice' in any broader sense of the word."). Because Defendant has not identified any coercive government conduct causally related to his incriminating statements, his motion to suppress must be denied.

### D. Defendant's other motions to dismiss the indictment should be denied.

Defendant moves to dismiss the indictment because he contends: (1) the additional charges in the superseding indictment are vindictive; (2) the government improperly opened his legal mail; (3) he was selectively prosecuted on the basis of his race and age; (4) he was improperly placed in administrative segregation; and (5) his blood sugar has been "out of wack for the last two years."

#### 1. Vindictive prosecution

Defendant contends that the additional charges in the superseding indictment are the result of his refusal to accept a plea deal offered by the government. A prosecutor may charge a criminal defendant with additional crimes "on which he was plainly subject to prosecution" in response to

his refusal to accept a plea deal. *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978). Defendant's motion to dismiss should be denied to the extent he alleges that the government engaged in vindictive prosecution.

### 2. The opening of his legal mail

Defendant contends that the government committed misconduct by opening the legal mail he sent to his standby counsel, Thomas Plunkett. The government is forbidden from opening a pretrial detainee's privileged mail to his attorney except in the pretrial detainee's presence. *Wolff v. McDonnell*, 418 U.S. 539, 575–76 (1974) (assuming without deciding that prisoners have a constitutional right—rooted in either the First, Sixth, or Fourteenth Amendment—to not have their legal mail opened, that right is not infringed by a policy that forbids the officials from reading the mail and allows a prisoner to be present when it is inspected); *Jensen v. Klecker,* 648 F.2d 1179, 1182 (8th Cir. 1981) ("Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner."). However, an "isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997).

The opening of Defendant's letter to his standby counsel appears to be an isolated incident. It did not interfere with his right to counsel or his access to the courts. Defendant timely filed twenty-one different pretrial motions that are, for the most part, articulately drafted. Under these circumstances, the Court concludes that the opening of Defendant's legal mail did not give rise to a constitutional violation. To the extent Defendant contends the indictment should be dismissed on account of the improper opening of his legal mail, his motion should be denied.

7

### 3. Selective prosecution

Defendant contends that the government targeted him "on the basis of his race and age" and thereby violated the Equal Protection Clause of the Fourteenth Amendment. Def.'s Mot. at 2, ECF No. 116. He has not, however, offered any evidence that similarly situated non-African Americans were not being prosecuted for similar conduct. *United States v. Brown*, 9 F.3d 1374, 1376 (8th Cir. 1993). To the extent Defendant contends that the indictment should be dismissed due to the government's alleged selective prosecution, his motion should be denied.

### 4. Administrative segregation

Defendant contends that he was deprived of due process by his placement in administrative segregation. A pretrial detainee cannot be punished prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Absent a showing of express intent to punish, a particular condition of confinement is not punishment if it has a rational basis. *Id.* at 538. The Court concludes that Defendant's placement in administrative segregation was not punishment; it was rationally related to a legitimate government interest, namely to prevent witness tampering. *See* Gov.'s Ex. 12. Because Defendant was not deprived of due process, his motion to dismiss should be denied.

### 5. Defendant's "out of wack" blood sugar

Because Defendant has not identified any coercive government conduct causally related to the statements he made during the proffer session, his motion to dismiss should be denied.

### E. Defendant's untimely motions should be denied.

The Court held its first pretrial motions hearing in this case on September 5, 2012. At that time, Defendant was represented by Shannon Elkins. In October, the Court—at Defendant's request—relieved Elkins and appointed Thomas Plunkett as substitute counsel. In November,

Defendant expressed his intent to represent himself. The Court granted his request and then appointed Plunkett as standby counsel.

Defendant's trial, which was initially scheduled to begin on December 17, 2012, was rescheduled to February 19, 2012 in order to give Defendant adequate time to file his own pretrial motions now that he represents himself. The Court set December 13 as the deadline for filing his pretrial motions. Defendant timely filed twenty-one motions, and the undersigned held a hearing on those motions on December 20.

The Court has received two motions that were filed almost a month after the December 13 deadline. Because those two motions were not timely filed, the Court will not consider them. Defendant's untimely pretrial motions should be denied.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss the indictment (ECF No. 101) should be **DENIED**.

2. Defendant's motion to dismiss counts 15, 16, 19, and 20 on the grounds of duplicity (ECF No. 102) should be **DENIED**.

3. Defendant's motion to suppress all drug evidence (ECF No. 111) should be **DENIED**.

4. Defendant's motion to dismiss indictment due to vindictive prosecution and government misconduct (ECF No. 114) should be **DENIED**.

5. Defendant's motion to dismiss due to selective prosecution (ECF No. 116) should be **DENIED**.

6. Defendant's motion to suppress search and seizure (ECF No. 117) should be **DENIED**.

7. Defendant's motion to suppress all evidence against the defendant or dismiss the

indictment due to prosecutorial misconduct and due process (ECF No. 119) should be **DENIED**.

8. Defendant's motion to suppress "all counts that don't support substancial [sic] evidence" (ECF No. 120) should be **DENIED**.

9. Defendant's motion to suppress testimony at proffer due to the defendant's blood sugar "being out of wack for the last two years" (ECF No. 121) should be **DENIED**.

10. Defendant's motion to dismiss due to his blood sugar "being out of wack for the last two years" (ECF No. 123) should be **DENIED**.

11. Defendant's motion to dismiss indictment (ECF No. 155) should be **DENIED** as untimely.

12. Defendant's motion to suppress all affidavits, statements due to perjured testimony and Fourth Amendment violations (ECF No. 158) should be **DENIED** as untimely.

DATED: January 15, 2013
        *s/ Franklin L. Noel*
        FRANKLIN L. NOEL
        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 30, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 30, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.