UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                               **ORDER**
                                     Criminal No. 12-185(3) ADM/FLN

Eric Michelle Hunter,

      Defendant.

___

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Eric Michelle Hunter, pro se; Thomas C. Plunkett, Esq., standby counsel.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Eric Michelle Hunter's ("Hunter") Objections to Magistrate Judge Franklin L. Noel's Orders of January 2, 2013 (the "January 2nd Order") [Docket No. 140] and of January 15, 2013 (the "January 15th Order") [Docket No. 161] and to the Report and Recommendation ("R&R") of January 15, 2013 [Docket No. 162]. The procedural and factual background, described in the Orders and R&R, is incorporated by reference. For the reasons set forth below, Defendant's Objections [Docket No. 172] are overruled, the Orders are affirmed and the R&R is adopted.

## II. DISCUSSION

### A. Standard of Review

In reviewing a magistrate judge's report and recommendation on dispositive motions, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C);

see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The statute requires the Court review for clear error the decisions of a magistrate judge on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A).

**B. Petitioner's Objections**

Defendant filed an Objection [Docket No. 172] to the Orders and the R&R, objecting to many of the rulings made by Magistrate Judge Noel. This Court has carefully reviewed Judge Noel's Orders and R&R, and has determined that Judge Noel has fairly, impartially and correctly addressed all issues upon which Defendant objects. Finding the Orders and R&R to be accurate analysis of the legal issues present in this case, the Orders and R&R are affirmed. The Court has organized Defendant's challenges by subject and addresses them below.

**1. Delay of Proceedings**

Defendant objects to the denial of his Motion to Delay Proceedings [Docket No. 96]. Defendant contends the Court should await the results of separate, unrelated litigation in the State District Court concerning the reliability and admissibility of drug-testing evidence from the St. Paul Department Crime Lab. The R&R correctly ruled that Defendant's own trial is the appropriate time to determine the admissibility and reliability of evidence that is admitted in this case. A delay of proceedings is unnecessary. For the same reasons, the R&R correctly denies Defendant's Motion to Suppress the drug-testing evidence [Docket No. 111].

**2. Access to Legal Research Materials**

Defendant objects to the denial of his Motion for Access to Legal Research Materials [Docket No. 97]. However Judge Noel's January 15th Order subsequently granted Defendant's

2

request to access legal materials and directed Defendant to communicate with standby counsel to achieve access. Although Defendant asserts difficulties obtaining sufficient time with legal materials because he is currently incarcerated in a Special Housing Unit with severe limitations, the record does not support any finding of a delay that warrants a continuance. Not only does Defendant have standby counsel who has facilitated Defendant's communications with the Court, but the record clearly reflects the Defendant has been vigorously engaged in filing motions. Defendant was aware of the terms of his incarceration when he chose to proceed pro se, and there is no indication of any significant delay that necessitates additional time to prepare for trial.

### 3. Administrative Segregation

Defendant objects to the denial of his Motion for Release from Administrative Segregation [Docket No. 100]. The January 15th Order correctly determined that the United States Marshal's decision to place Defendant in administrative segregation is rationally related to a legitimate government objective—to prevent witness tampering by Defendant. See Bell v. Wolfish, 441 U.S. 520 (1979).

### 4. Dismissal of Indictment and Counts 15, 16, 19, and 20

Defendant objects to the denial of his Motions to Dismiss the Indictment [Docket Nos. 101, 155 (untimely filed), 167 (untimely filed)]. Defendant contends that someone else made the drug sales at issue and he cannot figure out "how he fits into the case." Obj. at 6. These are factual arguments for the jury. The R&R correctly determined that the superseding indictment is legally sufficient on its face. Defendant's Motion to Dismiss Counts 15, 16, 19, and 20 [Docket No. 102] is also properly denied. Defendant claims these counts are duplicative. But, the R&R

correctly notes that because each offense requires proof of a fact that the others do not, Counts 15, 16, 19 and 20 are properly charged as separate counts. See United States v. Ervasti, 201 F.3d 1029, 1039 (8th Cir. 2000).

**5. Unsigned Indictment and Disclosure**

Defendant's Motion to Dismiss for Unsigned Indictment [Docket No. 109] and Defendant's Motions to Order Disclosure of Statements [Docket No. 110], to Disclose Grand Jury Transcripts [Docket No. 118], and to Disclose Mental Health Evaluations, of all the government's witnesses and his co-defendants [Docket No. 113] were denied. None of these motions have merit. Defendant cites no case law requiring that he be provided with a copy of the signed indictment and the Court has determined the original Indictment and the Superseding Indictment were appropriately signed by the Assistant United States Attorney and the Grand Jury foreperson, as required. The Government has agreed to disclose government agent statements five days before trial. Grand jury proceedings are generally secret, subject to exceptions the Government must comply with at trial. Mental health evaluations are generally private. The Government has an ongoing duty to disclose exculpatory evidence, but Defendant has provided no evidence of inappropriate government action. These rulings are not clearly erroneous.

**6. Motions to Suppress**

Defendant objects to the denial of his Motions to Suppress [Docket Nos. 112, 117, 166] Evidence Seized Pursuant to Allegedly Illegal Search Warrants. First, Defendant objects to government interception of his wire or oral communication, arguing that United States v. Jones, 132 S. Ct. 945 (2012) prevents the government from tracking Defendant's mobile phone. The Government produced for Defendant copies of intercepted and recorded conversations, but

Defendant objects to the legality of the underlying warrant. Second, Defendant objects to seizure of evidence pursuant to search warrants for his home and vehicles. Defendant's Search and Seizure Motion [Docket No. 117] was denied based on the good-faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897, 922 (1984). The same rationale applies equally to his Motion to Suppress Government Interception of Wire or Oral Communications [Docket No. 112] and his Motion to Suppress [Docket No. 166 (untimely filed)] evidence gathered from the government's trap and trace devices. Defendant objects to the R&R, but he does not argue against the R&R's application of the good faith exception, rather he re-argues the legality of the search warrants. The R&R correctly states and applies the law and Defendant's Motions to Suppress are denied.

Defendant moves to suppress all Counts that aren't supported by substantial evidence [Docket No. 120], but as the R&R correctly finds, the sufficiency of the evidence against the Defendant is a factual issue for the jury. Defendant next moved to suppress all statements he made at the proffer session because his blood sugar was "out of whack." [Docket Nos. 121 and 123 (Motion to Dismiss Indictment for "out of whack" sugar causing "deranged actions")]. First, the Government has agreed that any statement made by Defendant at the proffer session will not be used in their case-in-chief. Second, the R&R correctly notes that low blood sugar is not a basis for finding statements were not voluntary, Colorado v. Connelly, 479 U.S. 157, 170 (1986); therefore, Defendant's Motions to Suppress and Dismiss are appropriately denied.

**7. Dismissal for Vindictive, Selective Prosecution, or Government Misconduct**

Defendant objects to denial of his Motions to Dismiss for Vindictive Prosecution [Docket No. 114], Selective Prosecution [Docket No. 116], and Prosecutorial Misconduct [Docket No.

5

119]. Defendant objects, beyond the scope of the R&R, that the Government's willingness to use an allegedly unreliable "snitch" (a Government witness) in conjunction with placing Defendant in administrative segregation is vindictive. But the unreliability of the "snitch" is again an issue of fact for the jury to decide. The Court found the administrative segregation decision rationally-related to preventing witness tampering. In response to the R&R, Defendant contends that the Government tampered with mail that he sent to his standby counsel in violation of his Sixth Amendment. However, the R&R correctly cites Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997), "an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or access to the courts, does not give rise to a constitutional violation." Defendant has provided no evidence of interference with his right to counsel. Finally, Defendant accuses the Government of selective prosecution based on race. In his Objection to the R&R denial of his Motion to Dismiss for Selective Prosecutions, he accuses the Government of prosecuting him because a co-defendant told the police that he "specializes in pimping white girls." Obj. at 16. This new argument still fails to offer any evidence of disparate treatment.

### 8. Bill of Particulars

By the January 2nd Order, Judge Noel denied Defendant's Motion for a Bill of Particulars [Docket No. 115]. Defendant's Objection offered no legal or factual argument. In addition, the Indictment provided sufficient notice of the charges against Defendant.

### 9. Reopening all Pre-Trial Motions

Defendant's Motion to Reopen All Pretrial Motions Previously Denied [Docket No. 105] is denied as moot. The Court has reviewed every Objection Defendant made to the R&R and to

6

the Orders.  Since all issues have been addressed, no pretrial motions needs to be reopened.

Judge Noel appropriately found three motions were untimely filed [Docket Nos. 155, 156, and 158].  After Judge Noel took Defendant's motions under advisement, Defendant filed an additional three Motions [Docket Nos. 166, 167, and 173].  These Motions are also denied as untimely.  These Motions raise no new issues; rather, they simply re-hash arguments made in previous Motions.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Eric Michelle Hunter's Objections [Docket No. 172] to Magistrate Judge Franklin L. Noel's Order of January 2, 2013 [Docket No. 140] and of January 15, 2013 [Docket No. 161] are **OVERRULED**;

2. Defendant's Objections to Judge Noel's January 15, 2013 Report and Recommendation [Docket No. 162] are **OVERRULED**;

3. The Orders are **AFFIRMED**; and

4. The Report and Recommendation is **ADOPTED**.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  February 14, 2013.