UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Eric Michelle Hunter,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 12-185(3) ADM/FLN

_____

Eric Michelle Hunter, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Eric Michelle Hunter's ("Hunter") pro se Motion to Relate Back Pursuant to Fed. R. 15(c) [Docket No. 457]. Hunter seeks to amend his motion for post-conviction relief under 28 U.S.C. § 2255 [Docket No. 348]. Hunter's § 2255 motion was filed in May 2016, and was denied on the merits in November 2016. Mem. Op. Order [Docket No. 374]; J. [Docket No. 375]. Hunter argues that he should be allowed to amend his § 2255 motion pursuant to Rule 15 of the Federal Rules of Civil Procedure to add a claim under the Supreme Court's 2021 decision in Borden v. United States, 141 S. Ct. 1817 (2021). For the reasons stated below, Hunter's Motion to Relate Back is denied.

## II. BACKGROUND

On February 22, 2013, a jury found Hunter guilty of one count of conspiracy to distribute controlled substances; five counts of aiding and abetting distribution of controlled substances; one count of possession with intent to distribute heroin and a designer drug; two counts of being

a felon in possession of a firearm; one count of attempted witness tampering; and two counts of aiding and abetting the use and carrying of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).  See Verdict [Docket No. 205].

Hunter was sentenced on June 25, 2013. Min. Entry [Docket No. 267]; Sentencing J. [Docket No. 269].  At the sentencing hearing, the Court determined that Hunter was a career offender under § 4B1.1 of the United States Sentencing Guidelines based on a state felony conviction in Mississippi for simple assault of a law enforcement officer in 1996, and a 1999 federal felony drug conviction. Sentencing Tr. [Docket No. 281] at 7-8, 23; PSR ¶¶ 64, 78, 79. The Court sentenced Hunter to consecutive sentences of 60 months and life in prison for the § 924(c) convictions, as mandated by 18 U.S.C. § 924(c)(1)(A)(i), (C)(ii), and (D)(ii), and to two concurrent life terms and eight concurrent 240–month terms for the remaining offenses. Sentencing J. at 3.  Hunter appealed his convictions and sentence, and the Eighth Circuit affirmed.  See United States v. Hunter, 770 F.3d 740 (8th Cir. 2014).

In May 2016, Huner filed a § 2255 motion for post-conviction relief.  See § 2255 Mot. [Docket No. 348].   In Ground Twenty of the § 2255 motion, Hunter asserted that counsel was ineffective for failing to argue that Hunter's 1995 conviction for assault in Mississippi did not qualify as a crime of violence under the career offender provision of the sentencing guidelines. See 2255 Mot. at 59.[1]  In November 2016, the Court denied the § 2255 motion in its entirety and declined to issue a Certificate of Appealability.  Mem. Op. Order [Docket No. 374]; J. [Docket No. 375].  Hunter did not appeal.

---

[1] The page citation is to the page number referenced in the CM/ECF banner at the top of the page.

Hunter now seeks to amend his § 2255 motion pursuant to Federal Rule of Procedure 15(a) to add an argument that, based on Borden, 141 S. Ct. 1817, his Mississippi conviction for simple assault of a law enforcement officer does not constitute a crime of violence for purposes of enhancing his sentence.  See Mot. Relate Back at 6-7.

### III.  DISCUSSION

#### A.  Rule 15

Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, it is well settled that once judgment has been entered, a Rule 15 amendment is not allowed unless the judgment has been vacated or set aside under Rule 59(e) or 60.  See Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) ("Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. . . . After a complaint is dismissed, the right to amend under Fed. R. Civ. P. 15(a) terminates."); Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."); United States v. Lopez-Castillo, No. 15-2792 JNE/TNL, 2019 WL 3976430, at *1 (D. Minn. Mar. 27, 2019) (denying Rule 15 motion to amend § 2255 petition because final judgment had been entered in the § 2255 proceedings); United States v. Jeanetta, No. 05-341 DWF/SRN, 2012 WL 13123735, at *2 (D. Minn. Apr. 13, 2012) (same).

Here, final judgment was entered in Hunter's § 2255 proceeding in 2016, and that judgment has not been vacated or set aside.  As such, the Court cannot entertain Hunter's Rule 15 motion to amend his § 2255 proceedings.

B. **Rules 59 and 60**

Hunter's motion would fare no better were it construed as a motion to vacate the judgment under Rule 59 or 60. A motion to alter or amend a judgment under Rule 59 "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e)(e). The judgment dismissing Hunter's § 2255 motion was entered November 23, 2016. See J. [Docket No. 375]. Therefore, it is far too late for Hunter to seek relief under Rule 59.

A motion for relief under Rule 60(b) would also be untimely. Motions filed under Rule 60(b)(1), (2), or (3) must be filed within one year after entry of judgment, and motions brought under other provisions of Rule 60(b) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Hunter's motion was filed nearly seven years after the entry of judgment, and more than two years after the Supreme Court's Borden decision. Hunter makes no effort to explain why he waited years to file the motion, and the Court finds that the motion has not been filed within a "reasonable time" for purposes of Rule 60(b).

Even if the motion were considered timely under Rule 60(b), it nevertheless fails because the motion amounts to a second or successive § 2255 motion that has not been authorized by the Eighth Circuit. See 28 U.S.C. § 2255(h) (requiring that a second or successive § 2255 motion be "certified . . . by a panel of the appropriate court of appeals"). When a defendant files a Rule 60(b) motion seeking to reopen a § 2255 proceeding, the court "conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion amount to a second or successive collateral attack under . . . 28 U.S.C. § 2255." Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). This inquiry is necessary to ensure that the defendant does not bypass the requirement under § 2255(h) to obtain authorization from the appellate court before filing a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3); United States v.

4

Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement . . . for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."). If the court determines that the defendant's motion does amount to a second or successive § 2255 motion, the court will either dismiss the motion for failure to get appellate authorization or (in the court's discretion) transfer it to the appellate court. Boyd, 304 F.3d at 814.

Hunter's motion amounts to a second or successive § 2255 motion because Hunter is collaterally attacking his sentence as unconstitutional under Borden. The Court will thus dismiss the motion for failure to obtain pre-authorization from the Eighth Circuit Court of Appeals, as required by § 2255(h).

In addition to being procedurally defective, Hunter's motion fails to present sufficient grounds for setting aside the judgment dismissing his § 2255 motion. "[A]n error of law does not provide a basis for collateral attack [under § 2255] unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Here, the alleged guidelines error did not result in a complete miscarriage of justice because the two concurrent life terms that were imposed for Hunter's violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) did not exceed the statutory maximum sentence in effect at the time he was sentenced. See 21 U.S.C. § 841(b)(1)(B) (2012) (setting maximum sentence of life imprisonment for "any person commits such a violation after a prior conviction for a felony drug offense has become final"); Superseding Information [Docket No. 184] (establishing prior felony drug convictions). As such, Hunter's sentence was lawful and did not result in a complete

5

miscarriage of justice  Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (holding no miscarriage of justice where defendant's sentence was within the statutory maximum authorized for the offense).

Additionally, even if the alleged error in calculating the advisory guidelines range had resulted in lower sentences for Hunter's § 841(b)(1)(B) violations, Hunter would still be serving a life sentence for his conviction under 18 U.S.C. § 924(c)(1)(C)(ii), which carries a mandatory consecutive life sentence without regard to the sentencing guidelines.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in Hunter's motion to amend his § 2255 motion differently, or that any of the issues raised in Hunter's motion to amend would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Eric Michelle Hunter's pro se Motion to Relate Back Pursuant to Fed. R. 15(c) [Docket No. 457] is **DENIED**.

BY THE COURT:

Dated: October 25, 2023

<u>s/Ann D. Montgomery</u>
ANN D. MONTGOMERY
U.S. DISTRICT COURT